IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| D.C., INC., d/b/a DIRT CHEAP CIGARETTES AND BEER, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 06-4033-CV-C-NKL |
| STATE OF MISSOURI, ex rel., TRISH VINCENT, Director of Revenue, | ) ) ) ) | |
| and | ) ) | |
| GREG BARNES, in his individual capacity, | ) ) ) | |
| Defendants. | ) | |

**ORDER**

Pending before the Court is Plaintiff's Motion for Leave to File First Amended Complaint [Doc. # 17]. The Court grants Plaintiff's Motion. Also pending before the Court is Defendants' Motion to Dismiss the First Amended Complaint Or, In the Alternative, to Abstain and Stay [Doc. # 19]. For the reasons set forth below, the Court grants Defendants' Motion.

**I.      Background**

On February 3, 2006, two agents from the Missouri Department of Revenue ("DOR") entered the retail store of Plaintiff, D.C., Inc., d/b/a Dirt Cheap Cigarettes and

1

Beer ("D.C. Inc."). After a search, the agents seized three brands of cigarettes. They told Plaintiff's manager that the cigarettes were contraband under Missouri law and they stated that they were acting under the direction of Defendant Greg Barnes ("Barnes"), an assistant attorney general employed by the state of Missouri. The agents were not acting pursuant to a court order, judgment, or warrant.

On February 21, 2006, Plaintiff filed its Complaint in this Court challenging the seizure of the cigarettes. On March 16, 2006, Defendants filed a forfeiture action against Plaintiff in the Circuit Court of St. Louis County, Missouri. That action is styled as *State of Missouri ex rel. Trish Vincent, Director of Revenue v. D.C., Inc.*, Case No. 06-1198, Div. 7.

In the forfeiture action, Defendant Trish Vincent ("Vincent"), the Missouri Director of Revenue, claims that Mo. Rev. Stat. § 149.203.2 permits the seizure of cigarettes as contraband if the manufacturer of the cigarettes has not placed certain required payments into an escrow fund pursuant to Mo. Rev. Stat. § 196.1000, *et. seq.* She seeks an order from the Circuit Court of St. Louis that the cigarettes seized from D.C. Inc., on February 3, 2006, are contraband and should be forfeited to the Department of Revenue.

On April 21, 2006, Defendants filed their initial Motion to Dismiss Plaintiff's Complaint [Doc. # 10]. Plaintiff responded to the Motion, but also filed its pending Motion for Leave to File First Amended Complaint [Doc. # 17].

In its First Amended Complaint, Plaintiff includes two counts: one count against

2

both Barnes and Vincent requesting a declaratory judgment that Defendants' conduct violated the United States Constitution and was contrary to Missouri law and another count against Barnes for money damages for his violation of D.C. Inc.'s constitutional rights.  Although it is unclear from the First Amended Complaint, the Court assumes that Barnes and Vincent are sued in their official capacity in Count I and Barnes is sued in his individual capacity in Count II.

After Plaintiff filed its Motion for Leave to File its First Amended Complaint, Defendants filed their pending Motion to Dismiss Plaintiff's First Amended Complaint [Doc. # 19].

## II.     Discussion

### A.     Defendants' Original Motion to Dismiss [Doc. # 10] and Plaintiff's Motion for Leave to File First Amended Complaint [Doc. # 17]

Federal Rule of Civil Procedure 15 governs the amendment of pleadings and it states:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party . . . .

Fed. R. Civ. P. 15(a).  When Plaintiff filed its pending Motion, Defendants had not filed an Answer or any other responsive pleading.  Therefore, Plaintiff was entitled to amend its Complaint without leave of Court.  The Court grants Plaintiff's Motion to Amend solely for record keeping.

Because Plaintiff properly filed its First Amended Complaint, and because

Defendants subsequently filed a Motion to Dismiss to reflect the newly-filed pleading, Defendants' original Motion to Dismiss [Doc. # 10] is denied as moot.

### B. Defendants' Motion to Dismiss First Amended Complaint [Doc. # 19][1]

The Defendants' Motion to Dismiss raises a number of grounds for either dismissal or a stay. Because the Court finds that it should stay all of D.C. Inc.'s claims pursuant to Pullman Abstention, it will only address that narrow issue.

*Railroad Comm'n of Texas v. Pullman Co.,* 312 U.S. 496 (1941) involved a regulation issued by the Texas Railroad Commission that required a conductor to be present on sleeping cars operated in the state of Texas. At the time, all train porters were black and the conductors were white. Because the impact of the regulation was discriminatory, the Pullman Co. sued, claiming a violation of equal protection. Pullman included a pendent state claim that the Texas Railroad Commission did not have authority under Texas law to issue the regulation.

The District Court decided the dispute on the merits, but the United States Supreme Court reversed, finding the District Court should have abstained. Because the Texas courts had not previously addressed the authority of the Texas Commissioners to pass the regulation, the District Court was required to abstain to give the state court an opportunity to resolve the state law question. The Supreme Court reasoned that abstention would (1) avoid friction between the state and federal court; (2) avoid the

---

[1] Because Plaintiff did not need leave of Court to file its First Amended Complaint, Defendants were authorized to file their pending Motion to Dismiss.

4

possibility that the federal court will make an erroneous interpretation of state law; and (3) avoid unnecessary constitutional rulings.

Although *Pullman* has been criticized, it is binding precedent on this Court and must be followed here because the facts before the Court are almost indistinguishable from the facts in *Pullman*. D.C. Inc. asks the Court to find that Missouri law did not authorize the Department of Revenue to seize its cigarettes. It also asks the Court to find that even if state law authorized the seizure, the Defendants violated the Fourth, Fifth and Fourteenth amendments to the United State Constitution when the cigarettes were seized. As in *Pullman*, the Court is being asked to resolve a constitutional issue that may be unnecessary if a Missouri court finds the state law did not authorize the seizure. As in *Pullman*, the federal court is being asked to determine a question of state law that the state is better equipped to answer. As in *Pullman*, there is a potential for friction if each court system is racing to resolve the same issue for purposes of res judicata.

Although the Court is obligated to abstain on all of D.C. Inc.'s claims, D.C. Inc. has the right to preserve the federal constitutional issues for resolution in federal court pursuant to *England v. Louisiana State Board of Medical Examiners,* 375 U.S. 411 (1964). This right is subject to the caveats addressed in *San Remo Hotel, L.P. v. City and County of San Francisco, California*, 545 U.S. 323 (2005).

### III. Conclusion

Accordingly, it is hereby

(1) ORDERED that Plaintiff's Motion for Leave to File First Amended Complaint [Doc. # 17] is GRANTED.

(2) ORDERED that Defendants' Motion to Dismiss the First Amended Complaint Or, In the Alternative, to Abstain and Stay [Doc. # 19] is GRANTED. D.C. Inc.'s claims are stayed until there is a resolution in state court of the question of whether the Department of Revenue had authority under state law to seize D.C. Inc.'s cigarettes on February 3, 2006.

(3) ORDERED that Defendants' Motion to Dismiss [Doc. # 10] is DENIED as moot.

    s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

DATE: August 30, 2006
Jefferson City, Missouri