IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| D.C., INC. d/b/a DIRT CHEAP CIGARETTES AND BEER, ) ) ) | |
| Plaintiff, ) ) | Case No. 06-4033-CV-C-NKL |
| vs. ) ) | |
| STATE OF MISSOURI, ex rel. OMAR DAVIS, Director of Revenue, et al., ) ) ) | |
| Defendants. ) ) | |

O R D E R

Plaintiff D.C., Inc., brings this action against Defendants Omar Davis, Director of the Missouri Department of Revenue ("Davis"), Greg Barnes, an assistant Missouri attorney general ("Barnes"), Oliver Dixon, Administrator of the Criminal Investigation Bureau of the Department of Revenue, and several special agents of the Missouri Department of Revenue. Plaintiff alleges that the Defendants violated its rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution when Defendants seized cigarettes from Plaintiff's stores on three occasions in February of 2006 and February of 2007. Plaintiff seeks declaratory and injunctive relief against all Defendants in their official capacities under Count I. Plaintiff seeks damages against all Defendants except Defendant Davis under Count II.

1

Pending before the Court is Defendants' Motion for Judgment on the Pleadings [Doc. # 45]. For the reasons stated herein, Defendants' motion is granted in part and denied in part.

## I. Background[1]

### A. The Seizures

Plaintiff D.C., Inc., is a Missouri corporation doing business as "Dirt Cheap Cigarettes and Beer." Plaintiff's twelve Missouri retail stores sell, among other things, cigarettes manufactured by companies who do not participate in the Master Settlement Agreement ("MSA"). The MSA was an agreement between the Attorneys General of several states, including Missouri, and certain tobacco manufacturers. The agreement settled the states' claims against the tobacco defendants in exchange for the tobacco defendants making large annual payments totaling $6.7 billion over a 25 year period and various other conditions. *See State ex rel. Nixon v. American Tobacco Co.*, 34 S.W.3d 122, 126 (Mo. 2000). Missouri statutes impose certain requirements on cigarette manufacturers who choose not to participate in the MSA. One of these requirements is that the nonparticipating cigarette manufacturers make state escrow payments pursuant to Mo. Rev. Stat. §§ 196.1000-1003.

On April 4, 2003, Defendant Barnes, an assistant attorney general of the state of Missouri, along with Patricia Gifford, a Missouri Department of Revenue ("DOR") official, sent a letter informing Plaintiff that certain cigarettes on a "contraband list" were contraband under Mo Rev. Stat. §§ 149.203 and 149.055, because their manufacturers had not complied

---

[1] On a defendant's motion for judgment on the pleadings, the Court will accept as true the facts alleged in the Complaint.

2

with the state escrow tax requirements set out in Mo. Rev. Stat §§ 196.1000-1003. The letter stated that Plaintiff could not "sell, acquire, own, possess, transport, import, or in any way hold" the allegedly contraband cigarettes, and warned that the cigarettes were subject to seizure by state or local officials.

On October 12, 2005, Barnes sent Plaintiff a follow-up letter stating that Kingsley brand cigarettes were contraband and were subject to seizure and forfeiture. Plaintiff removed Kingsley cigarettes from its stores and requested from Barnes the basis for his determination that Kingsley cigarettes were contraband. Barnes did not respond.

On February 3, 2006, Defendants Karl Kenkel ("Kenkel") and Margaret Marquad ("Marquad") – special agents of the DOR – entered Plaintiff's retail store on Manchester Road in St. Louis County. After a search, the agents seized three brands of cigarettes – Infinity, Parker, and Euro brand cigarettes. They told Plaintiff's manager that the cigarettes were contraband under Missouri law and they stated that they were acting under the direction of Barnes.

On February 21, 2007, Defendants Michael E. Nelson ("Nelson") and Kerry L. Placeway ("Placeway") – also special agents of DOR – entered Plaintiff's stores located at Hampton Avenue, in St. Louis, Missouri, and Gravois Road, in St. Louis County, Missouri, and seized all Way brand cigarettes in the stores. On February 22, 2007, Kenkel and Special Agent Robert John ("John") entered Plaintiff's Manchester Road store and seized all Way brand cigarettes at that location. These seizures were authorized and directed by Defendant Dixon, in his capacity as Administrator of the Criminal Investigation Bureau of the DOR.

3

In each of these three instances the agents were not acting pursuant to court orders, judgments, or warrants. The agents represented that the cigarettes seized were subject to seizure because the manufacturers of those cigarettes had failed to make the escrow payments that Mo. Rev. Stat. § 196.1003 required of tobacco product manufacturers not participating in the MSA. At the time of these seizures, no court had entered an order or judgment under § 196.1003 finding that these cigarettes' manufacturers had failed to comply with the escrow requirement. Defendant Barnes made the determination that particular manufacturers were in violation of their escrow requirements and that their cigarettes were therefore contraband and subject to seizure.

### B. Procedural History

After the February 3, 2006 seizures, Plaintiff filed its Complaint in this Court on February 21, 2006, challenging the legality of those seizures. Plaintiff alleged that the seizures were unauthorized by Missouri law and that they violated Plaintiff's rights under the Fourth, Fifth, and Fourteenth amendments to the United States Constitution. Defendants then filed a forfeiture action against Plaintiff in the Circuit Court of St. Louis County, Missouri. In the forfeiture action, Missouri Director of Revenue Trish Vincent argued that Mo. Rev. Stat. § 149.203.2 permitted the seizure of cigarettes as contraband if the manufacturer of the cigarettes has not made their required escrow payments pursuant to Mo. Rev. Stat. § 196.1003. She sought an order from the Circuit Court of St. Louis that the cigarettes seized from Plaintiff on February 3, 2006, were contraband and that they should be forfeited to the

4

DOR.  Upon Defendants' motion, this Court abstained to allow the Missouri state courts to address the state law issues in the first instance.

The state trial court ruled in favor of the State.  On appeal, the Missouri Court of Appeals found that the State lacked the authority under the relevant Missouri statutes to seize cigarettes before a court determination that those cigarettes' manufacturer had violated Mo. Rev. Stat. § 196.1003 by failing to comply with that section's escrow tax requirements.  *See State ex rel. Vincent v. D.C., Inc.*, 265 S.W.3d 303 (Mo. Ct. App. 2008).  The Court of Appeals found that Mo. Rev. Stat. § 196.1003 contemplated a court determination that a manufacturer had violated its responsibilities under that section, and that Mo. Rev. Stat. § 149.203 did not give the Director of Revenue the unilateral power to "impose the penalty of seizure prior to a judicial determination." *Id.* at 308.  The Missouri Court of Appeals issued a mandate, and the state trial court entered its final judgment in Plaintiff's favor.

On December 3, 2008, Plaintiff filed its Second Amended Complaint (hereinafter "Complaint") with this Court seeking declaratory and injunctive relief under Count I, and damages under Count II for Defendants' alleged violation of Plaintiff's constitutional rights.

## II. Discussion

Reviewing a motion for a judgment on the pleadings, the Court accepts as true all facts pleaded by the nonmoving party and grants all reasonable inferences from the pleadings in favor of the nonmovant.  *See Syverson v. Firepond, Inc.*, 383 F.3d 745, 749 (8th Cir. 2004) (citation omitted).  The Court evaluates motions for judgment on the pleadings using the same standards it applies to motions to dismiss under Rule 12(b)(6) of the Federal Rules of

5

Civil Procedure. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). Thus, "[j]udgment on the pleadings is appropriate where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law." *Syverson*, 383 F.3d at 749 (citing *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 803 (8th Cir.2002)). "[A] complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1960 (2007). "This does not require heightened fact pleading.... '[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint.'" *Id.*

### A. Count I - § 1983 Claim for Declaratory and Injunctive Relief

Defendants argue that they are entitled to judgment on the pleadings as to Count I because: (1) Plaintiff lacks standing to pursue the declaration requested in Count I; (2) injunctive relief is not warranted in this case; (3) the Eleventh Amendment bars the relief requested by Plaintiff; and (4) Defendants are entitled to either qualified or absolute immunity from suit.

#### 1. Plaintiff's Request for Declaratory Relief

First, Defendants argue that Count I seeks a declaration of state law, and that they are entitled to judgment on this claim for declaratory relief because the Missouri Court of Appeals already resolved the state law issues in this case and therefore Plaintiff lacks standing to seek a declaration from this Court on those issues. The Complaint alleges that certain state statutes did not give Defendants the authority under Missouri law to make the seizures that were made; it basically re-states the Missouri Court of Appeals' holding, and

6

then asks this Court to find that Defendants' actions violated Plaintiff's constitutional rights. Whether or not Defendants' actions violated Plaintiff's constitutional rights is a "controversy of sufficient immediacy and reality to warrant issuance of a declaratory judgment." *See* Defs.' Reply Sugg. at 3. Count I states a claim for declaratory relief under § 1983.[2]

### 2. Plaintiff's Request for Injunctive Relief

Next, Defendants argue that they are entitled to judgment on the pleadings as to Plaintiff's request for an injunction against "future unlawful searches and seizures" because such an injunction is unjustified based upon the allegations in the Complaint. Defendants argue that the Complaint demonstrates "at best, only the possibility of a future violation," and that it fails to establish the need for an injunction.

The allegations in Plaintiff's Complaint demonstrate that Plaintiff lacks standing to pursue its claim for injunctive relief under § 1983.[3] Plaintiff does not allege that Defendants have seized or threatened to seize any cigarettes from Plaintiff's stores since 2007. "The dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently existing actual threat; it may not be used simply to eliminate a

---

[2] While Defendants complain that Count I also seeks a declaration of state law, as stated above, paragraphs 79(a)–(c) of the Complaint appear to simply re-state the holding of the Missouri Court of Appeals. Plaintiff appears to contend that Defendants' lack of authority under state law is relevant to whether Plaintiff's constitutional rights were violated. To the extent Count I seeks a declaration of a state law issue previously decided in the Missouri Court of Appeals case, the Court will decline to make such a declaration of Missouri law.

[3] While Defendants do not explicitly challenge Plaintiff's standing to seek injunctive relief, standing is a jurisdictional requirement that this Court may raise *sua sponte* at any time. *Pucket v. Hot Springs Sch. Dist. No. 23-2*, 526 F.3d 1151. 1156 (8th Cir. 2008); *Davis v. Fed. Election Comm'n*, 128 S.Ct. 2759, 2764 (2008).

7

possibility of a remote future injury[.]" *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982) (internal quotation omitted). Absent a showing that there is some presently existing actual threat that Defendants will again seize Plaintiff's property, Plaintiff's claim for injunctive relief fails as a matter of law. The Complaint contains no allegation that Defendants have threatened to seize or have seized any property from Plaintiff since 2007. Furthermore, Plaintiff lacks standing to sue for an injunction against future unconstitutional seizures because Plaintiff has failed to allege any non-speculative threat of future seizures. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102–103 (1983). Therefore, Defendants are entitled to judgment as to Plaintiff's claim for injunctive relief in Count I.

### 3. Eleventh Amendment Immunity

Next, Defendants argue that the Eleventh Amendment bars Plaintiff's claim for a declaratory and injunctive relief in Count I. While suits for damages against state officials in their official capacities are barred by the Eleventh Amendment, suits for prospective relief, such as injunctive or declaratory relief, are not treated as actions against the State, and are not barred. *See Kentucky v. Graham*, 473 U.S. 159, 167 (1985); *Ex parte Young*, 209 U.S. 123 (1908).

### 4. Qualified or Absolute Immunity as to Count I

Finally, Defendants argue they are entitled to either qualified or absolute immunity from Plaintiff's claim for declaratory and injunctive relief under Count I. Neither qualified nor absolute immunity is available to Defendants under Count I, because Count I asserts claims against Defendants in their official, rather than their individual, capacities. *See*

8

*VanHorn v. Oelschlager*, 502 F.3d 775, 778-779 (8th Cir. 2007); *Davis v. Hall*, 375 F.3d 703, 710 n.3 (8th Cir. 2004); *Graham*, 473 U.S. at 167 (1985). Furthermore, for the reasons explained below with respect to Defendants' claims of immunity from Count II of Plaintiff's Complaint, Defendants have failed to demonstrate as a matter of law that any defendant would be entitled to qualified or absolute immunity even if it were available.

### B. Count II - § 1983 Claim for Damages

Defendants further argue they are entitled to judgment on Count II of Plaintiff's Complaint - Plaintiff's § 1983 claim for damages against Defendants in their individual capacities – because they are either absolutely or qualifiedly immune from suit.

#### 1. Absolute Immunity

Defendants argue that Defendants Barnes and Dixon are entitled to absolute quasi-judicial immunity. Defendants cite *Kwoun v. Southeast Missouri Professional Review Organization*, 811 F.2d 401 (8th Cir. 1987), for the proposition that state agency officials acting in "an advocatory prosecutorial function . . . deciding whether a proceeding should be brought and what sanctions should be sought . . . against a specific target" are entitled to absolute immunity from suit. Plaintiff's Complaint has nothing to do with any court or administrative proceeding; it does not seek to recover damages from Barnes or Dixon because of their conduct during or in initiating such a proceeding.

#### 2. Qualified Immunity

9

Defendants further argue that they are qualifiedly immune from Plaintiff's § 1983 claim for damages in Count II. Defendants have not established their entitlement to qualified immunity with respect to any of the three alleged constitutional violations mentioned in Plaintiff's Complaint.

### a. Plaintiff's Takings Clause Claim

In its Complaint, Plaintiff alleged that Defendants violated Plaintiff's rights under the Fifth and Fourteenth Amendments by failing to justly compensate Plaintiff for the taking of Plaintiff's property. Neither party discussed this claim in briefing on Defendants' motion for judgment on the pleadings and the Court, therefore, cannot find qualified immunity with respect to this claim.

### b. Plaintiff's Seizure Claim

The Fourth and Fourteenth Amendments protect against unreasonable seizures of property by state actors. *Dixon v. Lowery*, 302 F.3d 857, 862 (8th Cir. 2002). Defendants' briefing on this issue was limited to whether or not it was clearly established at the time Defendants seized the cigarettes at issue that Defendants lacked the authority to make those seizures without a prior adjudication that the manufacturer of those cigarettes was in violation of § 196.1003 of the Revised Statutes of Missouri. Defendants did not address whether or not these seizures were constitutional or whether or not the issue of the constitutionality or lack thereof of these seizures was clearly established when the seizures were made. To prevail on their motion, Defendants would have to show either that the

10

allegations in the Complaint demonstrated that the seizures were constitutional or that their unconstitutionality was not clearly established at the time they were made. Because Defendants have not cited to any authority that property can be constitutionally seized once a state official designates it as contraband under state law, the Court cannot grant Defendants' motion. Defendants may be able to demonstrate that the Constitution was satisfied if Missouri law was as the Defendants believed it to be. However, their briefing does not address this pivotal issue and the Court is not permitted to grant judgment on an issue not raised by a movant. *King v. Hardesty,* 517 F.3d 1049, 1060 (8th Cir. 2008). Defendants have failed to show, based upon the allegations in the Complaint that, as a matter of law, any defendant is entitled to qualified immunity on Plaintiff's unconstitutional seizure claim in Count II.

### c. Plaintiff's Procedural Due Process Claim

The Fourteenth Amendment protects against the deprivation of a person's property or liberty interests by a state actor without sufficient process. *Clark v. Kansas City Missouri Sch. Dist.*, 375 F.3d 698, 701 (8th Cir. 2004) (citing *Krentz v. Robertson Fire Prot. Dist.*, 228 F.3d 897, 902 (8th Cir. 2000)). Defendants argue that they are entitled to qualified immunity as to Plaintiff's procedural due process claim in Count II because Missouri law afforded Plaintiff sufficient process. "Due process is a flexible concept, requiring only such procedural protections as the particular situation demands." *Id.* at 702 (internal citations removed).

11

> When a state employee's unauthorized, random acts deprive a person of property, the state employee's acts do not violate the "procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." . . . This rule is premised on "the states' action . . . not [being] complete until and unless it provides or refuses to provide a suitable postdeprivation remedy."

*Id.* (quoting *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)). However, as the Eighth Circuit noted in *Clark*, "when an established state procedure or a foreseeable consequence of such a procedure causes the loss, an adequate postdeprivation remedy is of no consequence, and [the court focuses] solely on the process afforded by the established procedure." *Id.* (quoting *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435-36 (1982); *Putman v. Unknown Smith*, 98 F.3d 1093, 1095-96 (8th Cir. 1996)).

Plaintiff does not allege in the Complaint that its due process rights were violated by the random unauthorized acts of Defendants. Rather, the Complaint alleges that Plaintiff's due process rights were violated pursuant to an established state procedure, albeit one these state actors lacked the statutory authority to establish. Because the Complaint alleges Plaintiff's due process rights were violated pursuant to an established procedure, the Court must focus solely on the process afforded by that procedure. While Defendants are correct that in some cases the availability of a post-deprivation remedy is all the process due a plaintiff, Defendants have not established that this is one of those cases. Defendants have offered no argument that the process afforded Plaintiff in conjunction with Defendants' seizure of Plaintiff's cigarettes met constitutional standards, and no argument with respect to whether or not the law regarding the constitutional sufficiency of such process was clearly

12

established at the relevant time. Defendants have not shown that they are entitled to qualified immunity with respect to Plaintiff's procedural due process claim in Count II. Again, Defendants may be able to make such a showing, but they have not done so at this time

III. **Conclusion**

Accordingly, it is hereby

ORDERED that Defendants' Motion for Judgment on the Pleadings [Doc. # 45] is GRANTED with respect to Plaintiff's request for injunctive relief and DENIED in all other respects.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: April 1, 2009
Jefferson City, Missouri