IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| D.C., INC. d/b/a DIRT CHEAP CIGARETTES AND BEER ) ) ) Plaintiff, ) ) vs. ) ) STATE OF MISSOURI, ex rel. ALANA M. ) BARRAGÁN-SCOTT, Acting Director of ) Revenue, et al., ) ) Defendants. | Case No. 06-4033-CV-C-NKL |

**O R D E R**

Pending before the Court is Plaintiff's Motion for Reconsideration of Order Granting Defendants' Motion for Summary Judgment on Issue of Attorney's Fees and Separate Motion for Attorney's Fees Pursuant to Rule 54 [Doc. # 79]. For reasons stated below, the Court denies this motion.

**I.  Procedural History**

Plaintiff D.C., Inc., brought this action against Defendants Alana Barragán-Scott, Acting Director of the Missouri Department of Revenue ("DOR")[1], Greg Barnes, an assistant Missouri attorney general ("Barnes"), Oliver Dixon, Administrator of the Criminal Investigation Bureau of the DOR, and several special agents of the DOR. Plaintiff alleged

---

[1]Pursuant to Federal Rule of Civil Procedure 25(d), Alana Barragán-Scott, Missouri's Acting Director of DOR, is substituted for Karen Mitchell as a defendant in this case.

1

Defendants violated its rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution when Defendants seized cigarettes from Plaintiff's stores on three occasions in February 2006 and February 2007. Plaintiff's Second Amended Complaint sought a declaratory judgment against all Defendants in their official capacities under Count I, and damages against all Defendants except Defendant Barragán-Scott under Count II.

After Plaintiff's initial complaint was filed in this Court, the DOR filed a state forfeiture action against Plaintiff in the Circuit Court of St. Louis County, Missouri (*State of Missouri ex rel. Trish Vincent, Director of Revenue v. D.C., Inc.*, Case No. 06CC-001198). On August 30, 2006, this Court abstained from exercising jurisdiction until the Missouri state courts addressed the disputed state law issues. The state trial court awarded summary judgment to the Director of Revenue. Plaintiff appealed, and on July 22, 2008, the Missouri Court of Appeals reversed. *See State ex rel. Vincent v. D.C., Inc.*, 265 S.W.3d 303 (Mo. Ct. App. 2008). This Court then granted Defendants' Motion for Summary Judgment on the Pleadings and denied Plaintiff's Motion for Partial Summary Judgment [Doc. # 77]. That Order denied Plaintiff's request for attorney's fees pursuant to 42 U.S.C. § 1988.

## II. The Court's Denial of Attorney's Fees Was Not Premature

Plaintiff now requests the Court to reconsider the denial of attorney's fees. Plaintiff argues reconsideration is warranted because the Court's denial of attorney's fees was premature. Plaintiff asserts that the issue of attorneys fees should not have been addressed until after judgment on the merits was entered [Doc. # 79, page 2].

Defendants counter that the issue was not premature because it was raised in

2

Defendants' Motion for Summary Judgment and was answered in Plaintiff's Suggestions in Opposition. Defendants further argue that even if the original Order was premature, the issue is now ripe because Plaintiff's filing of the motion for reconsideration includes a request for an award of Plaintiff's attorney fees.

In support of their argument that the denial of attorneys fees was premature, Plaintiff cites the following cases: *Schaaf v. Caterpillar, Inc.*, 264 F. Supp. 2d 882, 886 (D.N.D. 2003), and *ELCA Enters., Inc. v. Sisco Equip. Rental & Sales, Inc.*, 53 F.3d 186, 191-92 (8th Cir. 1995). These cases are distinguishable because in each there were unresolved issues still to be addressed by the court before attorney's fees could be considered. In contrast, the Court granted complete summary judgment to the Defendants and Plaintiff's request for Partial Summary Judgment was denied [Doc. # 77]; thereby resolving all issues before the Court. Because there were no further matters to be litigated, the denial of attorney's fees was proper and not premature.[2]

### III. Plaintiff is Not a Prevailing Party on its § 1983 Claim

Generally, a party must prevail on a Section 1983 claim to be considered a prevailing party under Section 1988. *See John T. v. Marion Indep. Sch. Dist.*, 173 F.3d 684 (8th Cir. 1999) ("[A] plaintiff who loses on the merits of its federal civil rights claim is not a 'prevailing party' for purposes of an award of attorneys' fees under 42 U.S.C. § 1988, even

---

[2]Further, as argued by Defendants, Plaintiffs have had a full and fair opportunity to argue the issue and the Court has considered all its arguments including those raised in its Motion for Reconsideration.

3

if it prevails on a related pendent state law claim.'"). *See also*, *Marion Indep. Sch. Dist.*, 173 F.3d 684 (plaintiff was not a prevailing party under federal law even though plaintiff prevailed under state law because district court did not rule on the federal claim). Despite the Court's resolution of Plaintiff's federal claims in favor of Defendants, Plaintiff asserts it is entitled to its attorneys fees as a prevailing party with respect to its state law claims. [Doc. # 79, page 3].

The Eighth Circuit recognizes an exception to this general rule, and permits an award of attorney's fees when a party has prevailed on a related state law if "relief is granted on a pendent non-federal claim to avoid reaching the federal constitutional claim." *Warner by Warner v. Indep. Sch. Dist.*, 134 F.3d 1333 (8th Cir. 1998). Federal courts also may award attorney's fees to parties who prevail in state court proceedings that are essential to their federal claims. *Skokos v. Rhoades,* 440 F.3d 957, 962 (8th Cir. 2006) (citing *New York Gaslight Club, Inc. v. Carey*, 447 U.S. 54 (1980)). In *Carey,* the state-court proceeding the court deemed "essential" to the federal claims was a state administrative proceeding required by Title VII. *Id*. The Court reasoned that if Congress required the administrative proceeding under Title VII, then Congress must have also meant that the cost of those proceedings could be recouped under the statute's attorneys' fee provision. *Id*.

In *Horacek v. Thone*, the Eighth Circuit declined to extend *Carey*'s reasoning to all cases falling under Section 1988. 710 F.2d 496 (8th Cir. 1983). The Eighth Circuit determined the language of the statute "indicates that Congress intended Section 1988 to authorize an award of attorney's fees only to a party who substantially prevails on a civil

4

rights claim in a lawsuit" and not those who prevail on a civil rights claim in other administrative hearings. *Id*. at 500.

Plaintiff argues that the state law forfeiture action was an essential aspect of its federal suit because the state court ruling obviated the need for this Court to rule on its federal constitutional claim. Plaintiff reasons that if the state court proceedings were not a necessary part of the district court litigation, then there would have been no reason for the district court's abstention. [Doc.# 79, page 11].

In support of its contention, Plaintiff cites *Exeter-West Greenwich Reg'l Sch. Dist. v. Pontarelli*, 788 F.2d 47 (1st Cir. 1986). In *Exeter-West* the district court certified a question to the state supreme court as part of the on-going district court litigation. *Id*. The state supreme court ruled defendant had misconstrued state law. *Id*. at 48. The district court then dismissed the Section 1983 action as moot. *Id*. The First Circuit determined the certification proceedings were "necessary and important factors" in plaintiff's federal suit and awarded attorney's fees for the work done on the certified question. *Id*.

Defendants argue that *Exeter-West* is distinguished from the present action. Defendants assert that the state court action in *Exeter-West* was a necessary part of that litigation because the district court forced plaintiff to litigate the issue in state court by certifying the question to the state supreme court. [Doc. # 82]. Here, in contrast, the state forfeiture action was filed in state court by Defendants, independent of the federal action.

The Court agrees that unlike the certified question in *Exeter-West*, the state forfeiture proceeding in this case was not a necessary part of the Section 1983 action. Instead, this

5

action more closely resembles *Skokos*, 440 F.3d at 962. In *Skokos,* plaintiff filed an action in federal court seeking declaratory, injunctive and compensatory relief. *Id*. at 959. Shortly thereafter, defendant filed a state forfeiture action and the district court abstained from hearing the federal claims pending resolution of the state suit. *Id*. Ultimately, plaintiff prevailed in the state forfeiture action. *Id*. The district court then dismissed plaintiff's federal claims as without merit and denied plaintiff's request for attorney fees. *Id*. at 959-60. The Eighth Circuit affirmed the district court's decision that plaintiff was not a prevailing party under Section 1988 and, therefore, was not entitled to attorney fees. *Id.* at 963-964.

The Court reaffirms its earlier determination that the state proceedings were not a necessary part of the Section 1983 litigation. Like *Skokos*, this Court did not force the Plaintiff into state court; rather, it was Defendants who initiated the separate forfeiture action. Plaintiff's own arguments throughout this litigation further demonstrate the state forfeiture proceeding was not a necessary part of the federal Section 1983 action. Plaintiff has consistently argued the state court proceedings were distinct and separate from its constitutional dispute. Plaintiff asserted that "no ruling by the state court could possibly eliminate the constitutional issues presented by [Plaintiff's] claims." [Doc. # 18, p. 6.] Plaintiff affirmed this argument after the state court action ended stating that the Court of Appeals holding "does not speak on the issues of whether Defendant's conduct also violated [Plaintiff's] rights under the Fourth, Fifth and Fourteenth Amendments." [Doc. # 72, p. 21]. Plaintiff in fact returned to federal court to litigate its federal claims.

6

The denial of attorney's fees is also appropriate because Plaintiff has prevailed on none of its federal claims. In *Exeter-West*, which the Plaintiff cites for support, once the state court ruled on the certified question, the federal court no longer needed to determine the constitutional issues and the case was dismissed as moot. 788 F.2d at 52. The district court then awarded plaintiff attorneys fees because their victory in state court was a "direct result" of the federal section 1983 action. *Id.* In *Skokos*, in contrast, the district court dismissed the federal claims not because the issues were moot but because they were without merit. 440 F.3d at 963.

Here, like *Skokos*, the Court did not dismiss the federal claims as moot after the Missouri Court of Appeals decision; rather, the Court examined the issues and granted summary judgment in Defendant's favor on all of Plaintiff's constitutional claims. [Doc. # 77, pp. 19-30]. Further, Plaintiffs' federal constitutional claims would be unsuccessful even if the state had interpreted the statute as argued by the Defendants. Regardless of the outcome in state court, Defendants would be unsuccessful on its federal claims. A litigant can't recover attorney's fees for a state law claim merely by appending it to a facially flawed constitutional claim. The Court reaffirms its earlier determination that attorney's fees should not be awarded in this matter.

## IV.   Conclusion

Accordingly, it is hereby ORDERED that Plaintiff's Motion for Reconsideration of Order Granting Defendants' Motion for Summary Judgment on Issue of Attorney's Fees and

7

Separate Motion for Attorney's Fees Pursuant to Rule 54 [Doc. # 79] is DENIED.

                                                 s/ Nanette K. Laughrey
                                                NANETTE K. LAUGHREY
                                                United States District Judge

Dated:  November 10, 2009
Jefferson City, Missouri